UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER CARL JONES,

    Plaintiff,

v.

                                      Case No. 2:22-cv-12651
                                      Hon. Mark A. Goldsmith

UNKNOWN ANDRES AND
UNKNOWN SPALDING,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT (Dkt. 1)

Plaintiff Dexter Carl Jones, a Michigan prisoner confined at the St. Louis Correctional Facility, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He names Unknown Andres, a corrections officer, and Unknown Spalding, a prison counselor, as Defendants. Jones claims that his television was improperly confiscated and that he was wrongfully placed in segregation. For the reasons stated below, the Court will summarily dismiss the complaint (Dkt. 1) under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Jones's failure to state a claim.

### I. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Jones's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept Jones's allegations as true, unless they are clearly irrational or wholly incredible, see Denton v. Hernandez, 504 U.S. 25, 33 (1992).

1

## II.  BACKGROUND

The brief complaint asserts that on an unspecified date, Defendant Andres confiscated Jones's television because he believed that Jones altered the television in violation of prison policy. Jones explained to Andres that he is an electrical engineer and that he was only fixing a problem with the wiring. Jones states that Andres then lied about Jones threatening him during the dispute about the television, and as a result, Jones was placed in segregation for about ten days. When Jones returned from segregation, Defendant Spalding informed him that his television was deemed to be contraband and destroyed. Jones seeks damages "for another TV, and the time in segregation." Compl. at PageID.8.

## III.  ANALYSIS

### A. Wrongful Segregation

Jones asserts that he was falsely accused of threatening Defendant Andres, and that as a result, he spent approximately ten days in segregation. He does not assert any facts related to any formal misconduct charge being issued or any misconduct hearing being held.

"False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." Cromer v. Dominguez, 103 F. App'x 570, 573 (6th Cir. 2004); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (holding that false misconduct charges are not "sufficiently serious" such that they result "in the denial of the minimal civilized measure of life's necessities") (punctuation modified). Jones fails to assert whether a formal misconduct charge was filed against him or whether one was subsequently adjudicated at a prison disciplinary hearing. Nevertheless, his allegation that he was falsely accused of threatening a prison guard, standing alone, does not state a constitutional claim.

2

The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." Id. An incarcerated individual does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 487, 484 (1995). Prison discipline that does not result in the loss of good time credits is not an "atypical and significant" deprivation and, therefore, does not implicate due process. See Ingram v. Jewell, 94 F. App'x 271, 273 (6th Cir. 2004). Jones fails to state a due process claim because he has failed to plead facts indicating that the allegedly wrongful disciplinary action affected the duration of his sentence or resulted in an atypical hardship compared to the ordinary incidents of prison life.

Finally, the Court does not read the complaint as claiming that Jones was engaged in constitutionally protected conduct when he complained to Defendant Andres about the confiscation of his television. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Jones fails to state a claim on account of his allegedly wrongful temporary placement in segregation.

**B. Deprivation of Property**

Jones also asserts that his television was improperly confiscated by Defendant Andres and then wrongfully destroyed by Defendant Spalding. Any claim associated with the loss of personal

property is barred by the doctrine announced in Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986).

Under Parratt, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." Parratt, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property. See Hudson v. Palmer, 468 U.S. 517, 530–536 (1984).

Because Jones's claim is premised upon the allegedly unauthorized act of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. See Copeland v. Machulis, 57 F.3d 476, 479–480 (6th Cir. 1995); Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to plead facts indicating the inadequacy of state post-deprivation remedies requires dismissal of his § 1983 due-process action. See Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

Jones has not sustained his burden in this case. Jones has not alleged that state post-deprivation remedies are inadequate. Numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a).

Indeed, the Sixth Circuit has held that Michigan provides adequate post-deprivation remedies for deprivation of property. See Copeland, 57 F.3d at 480. Jones's property claim is therefore barred.

## IV. CONCLUSION

The Court dismisses the complaint (Dkt. 1) for Jones's failure to state a claim.

SO ORDERED.

Dated: December 20, 2022                       s/Mark A. Goldsmith
     Detroit, Michigan                         MARK A. GOLDSMITH
                                                 United States District Judge